EXHIBIT A

**SUM-100**

## SUMMONS on Second Amended Complaint
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GRANT FRITSCH, an individual.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 07 2016

BY _____ CHRISTIAN HERNANDEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

County of San Bernardino
247 W. Third Street, San Bernardino, CA 92415-0210

**CASE NUMBER:**
*(Número del Caso):*
CIVDS1518012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian D. Hefelfinger, Esq., Strauss & Strauss, APC, 121 N. Fir St., Ste. F, Ventura, CA 93001; (805) 641-6600

DATE: JUN 07 2016              Clerk, by Christian Hernandez, Deputy
(Fecha)                        (Secretario)                    (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael A. Strauss, SBN 246718
Brian D. Hefelfinger, SBN 253054
**STRAUSS & STRAUSS, APC**
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
E-mail: brian@strausslawyers.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 06 2016

BY _Cassandra_____
CASSANDRA DELATORRE, DEPUTY

Attorneys for Plaintiff and the Putative Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GRANT FRITSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company; and, DOES 1 through 10, inclusive.<br><br>Defendants. | Case No: CIVDS1518012<br>*[Assigned to: the Hon. Michael Sachs, Dept. S28]*<br><br>**CLASS ACTION**<br><br>***SECOND AMENDED*** **COMPLAINT FOR:**<br><br>1. **Failure to Pay Wages;**<br>2. **Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code § 226;**<br>3. **Unfair Competition/Violation of California Business & Professions Code §17200, et seq.; and**<br>4. **Violation of the *Labor Code* Private Attorneys General Act ("PAGA"),** *Lab. Code.* **§ 2698 *et seq.***<br><br>Complaint Filed: December 10, 2015 |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff GRANT FRITSCH on behalf of himself and all current and past aggrieved employees of defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and DOES 1

**SECOND AMENDED COMPLAINT**

- 25 -

through 10, (collectively the "Plaintiff" and the "Putative Class"), hereby submits the following Second Amended Complaint against defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and DOES 1 through 10, inclusive (hereinafter collectively referred to as the "Defendants"), and each of them, as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff FRITSCH is an individual who worked for Defendants, in the County of San Bernardino, State of California, within the last four (4) years.

2. At all times herein mentioned, defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC was and is a Delaware limited liability company doing business in the State of California.

3. Defendants have been the employers of Plaintiff and the Putative Class at various locations in California. Plaintiff is informed and believes, and thereon allege, that Defendants engaged in the business of providing trucking and transportation services.

4. Pursuant to *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174 (2004) and other California decisional law, each of the defendants named herein exercised sufficient powers of control over the Plaintiff herein such that Defendants are both regarded as the employer or "co-employers" of Plaintiff.

5. At all times mentioned herein, Defendants DOES 1 through 10 were entities doing business in California. The Doe Defendants, and each of them, were also joint employers of Plaintiff and the Putative Class at various locations in California. Hereinafter, Defendants including DOES 1 through 10 are collectively referred to as the "EMPLOYER."

6. Venue is appropriate in San Bernardino County, because Plaintiff and other members of the Putative Class performed work in San Bernardino County for which they were not paid, and EMPLOYER conducted business in San Bernardino County.

7. Plaintiff and the Putative Class are ignorant of the true names and capacities of Defendants Does 1 through 10, inclusive, and by reason thereof sue said Defendants by their fictitious names. Plaintiff will ask leave of court to amend this Complaint to allege the true

names and capacities of said Doe Defendants when the same have been fully and finally ascertained.

## CLASS ALLEGATIONS

8. Plaintiff brings this action on his own behalf and on behalf of all persons similarly-situated. This group of aggrieved employees consists of:

> All non-exempt employees of Swift Transportation Co. of Arizona, LLC, who have worked in California between December 7, 2011 and the present, that have been principally engaged in maintenance and service tasks, who do/did not cross state lines in performance of their duties, and have not received full and correct pay for all hours worked and have not received accurate itemized wage statements required pursuant to Labor Code section 226. (herein, the "Putative Class").

9. Plaintiff is informed and believes that the Class represents over 40 persons and is so numerous that the joinder of each member of each class is impracticable.

10. There is a well-defined community of interest in the questions of law and fact affecting the Putative Class Plaintiff represents. The Class Members' claims against EMPLOYER involve questions or common or general interest in that each (1) was employed by EMPLOYER in California; (2) full and proper compensation owed them for all the time they worked; and (3) did not receive accurate, itemized wage statements. These questions are such that proof of facts common to the other Putative Class members will entitle each of them to the relief requested in this Complaint.

11. The members of the Putative Class Plaintiff represents have no plain, speedy or adequate remedy at law against EMPLOYER, other than by maintenance of this class action, because Plaintiff is informed and believes, and thereon allege, that the damage to each member of the Putative Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

12. Plaintiff will fairly and adequately represent the interest of the Putative Class, because Plaintiff is a member of the Putative Class, and Plaintiff's claims are typical of those in the Putative Class.

## FIRST CAUSE OF ACTION

### (Action Brought By FRITSCH And All Others Similarly Situated For Failure To Pay Wages Owed, Against EMPLOYER)

13. Plaintiff refers to the preceding paragraphs of this Complaint, and incorporates the same by this reference as though fully set forth at length.

14. Plaintiff and the aforementioned Putative Class (collectively the "Plaintiffs") are employees who have worked for EMPLOYER within the four years prior to the date of filing the original Complaint in this matter (together, the "PLAINTIFFS" herein). Plaintiff and the class worked as non-exempt employees for EMPLOYER.

15. Unfortunately, during their employment with EMPLOYER, Plaintiff and the Putative Class were not paid all wages, including regular overtime and/or doubletime wages, as required by law. Such unpaid time includes, but is not limited to, meal periods, regular time, overtime and doubletime hours worked, preparatory time and/or donning/doffing time.

16. Further, it is alleged that the Plaintiffs worked through meal periods in violation of California law. It is alleged that EMPLOYER intentionally denied Plaintiffs wages which should have been paid and violated, *inter alia,* California Labor Code § 512. EMPLOYER did not permit Plaintiffs to take all lawful meal periods to which they are entitled, including at times a second period as required by law when an employee works more than 10 hours.

17. It is further alleged that EMPLOYER engaged in acts deliberate constituting a scheme to deprive Plaintiff and the Putative Class of wages lawfully earned and owing, i.e. wage theft. As an example, Plaintiff is informed and believes that EMPLOYER has fabricated records purporting to indicate working time spent as "driving time" on a regular basis, when in fact Plaintiff and the Putative Class did not perform driving duties. On information and belief, this falsification was done for the purpose of depriving Plaintiff and those similarly situated of wages earned.

18. Labor Code § 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

19. California Labor Code § 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit. In this case, on information and belief it is alleged that Defendants, and each of them, have refused and continue to refuse certain of the Plaintiffs' wages in accordance with section 202. Labor Code § 201 relates that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

20. Thus, pursuant to California Labor Code § 203, it is alleged that EMPLOYER has willfully failed to pay without abatement or reduction, in accordance with Labor Code §§ 201, 201.5, 202, all of the wages owed to each of the Plaintiffs. EMPLOYER is aware that they owe the wages claimed, yet have willfully failed to make payment. As a result, Plaintiffs seek wages and penalties pursuant to Labor Code § 203.

21. Plaintiffs have each been available, and ready, to receive wages owed to them, including overtime wages.

22. Plaintiffs have never refused to receive any payment, nor have Plaintiffs been absent from their regular place of residence.

23. EMPLOYER's failure to pay the wages due and owing Plaintiffs, as indicated in prior paragraphs, was willful in that EMPLOYER has knowingly refused to pay a portion (or portions) of the amount due and owing Plaintiffs.

24. Pursuant to Labor Code § 1194 and § 218.5, Plaintiffs request the court to award Plaintiffs' reasonable attorney fees and costs incurred in this action. Plaintiffs also request all unpaid wages, waiting time penalties and interest.

25. WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, as follows:

    1. For wages and premiums owed according to proof;
    2. For prejudgment interest at the statutory rate;
    3. For statutory penalties pursuant to law;
    4. For reasonable attorneys' fees pursuant to Labor Code §§ 218.5 and 1194;
    5. For costs of suit; and

6. For any other and further relief that the Court considers just and proper.

## SECOND CAUSE OF ACTION

**(Action Brought By FRITSCH And All Others Similarly Situated**

**For Failure To Provide Accurate Itemized Wage Statements,**

**Against EMPLOYER)**

26. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

27. California Labor Code § 226 provides in relevant part:

> "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

28. In this case, the EMPLOYER has failed to provide wage deduction statements that comply with the requirements of Labor Code § 226. Pursuant to California Labor Code § 226(e), damages are appropriate.

29. At this time, Plaintiff and the Putative Class allege that the exact amount of damages under Labor Code § 226(e) will not be fully ascertained until discovery is completed. Until EMPLOYER produces the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of damages under Labor Code § 226(e).

30. Pursuant to Labor Code § 226(e), Plaintiff and the Putative Class request that the Court award reasonable attorney fees and costs incurred in this action.

31. WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, as follows:

    1. For statutory penalties, pursuant to law;

    2. For reasonable attorneys' fees pursuant to statute;

    3. For costs of suit; and

    4. For any other and further relief that the Court considers just and proper.

## THIRD CAUSE OF ACTION

**(Action Brought By FRITSCH And All Others Similarly Situated For Unfair Competition, Against EMPLOYER)**

32. Plaintiff incorporates by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

33. This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

34. It is alleged that EMPLOYER has willfully engaged in wage theft and/or failed to pay employees all wages owed. The actions alleged aforesaid, specifically the failure to pay both current employees and past employees all wages owed as set forth in prior paragraphs herein, constitute an unfair business practice under California Business and Professions Code section 17200.

35. As a result of the conduct of EMPLOYER, EMPLOYER profited from breaking the law. Plaintiff and the Putative Class seek disgorgement of this unlawfully obtained benefit.

///

///

36. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

37. As a result of the alleged aforesaid actions, Plaintiff and those similarly situated have suffered injury in fact and have lost money as a result of such unfair competition.

38. In this case, it is requested that this Court order such restitution.

39. WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, as follows:

1. For an equitable order, ordering EMPLOYER to pay all wages, interest, and penalties owed;
2. For an appointment of a receiver to be perform an accounting of all monies owed;
3. For any and all injunctive relief this court deems necessary pursuant to California Business and Professions Code Section 17203;
4. For attorney's fees and costs;
5. For prejudgment interest pursuant to Civil Code § 3288 and § 3291 on all amounts claimed; and
6. For any other and further relief that the Court considers proper.

## FOURTH CAUSE OF ACTION

(Action Brought By FRITSCH And All Others Similarly Situated For Civil Penalties Under The *Labor Code Private Attorneys General Act* [the "PAGA"] Against Defendants)

40. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

41. It is alleged that Defendants intentionally denied Plaintiff and his similarly situated co-workers wages that should have been paid and have violated *Labor Code* provisions.

42. Pursuant to *Labor Code* sections 2698 *et seq.*, Plaintiff is entitled to recover civil penalties on behalf of himself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed. Plaintiff is therefore pursuing civil penalties for violations of the *Labor Code* sections set forth herein.

43. One or more of the alleged violations set forth herein was committed against Plaintiff, and Plaintiff is therefore an "aggrieved employee" under *Labor Code* section 2699(c), which provides in relevant part, "(c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

44. *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employers of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

45. *Labor Code* section 201 requires immediate payment of all wages owed at the termination of employment. It is alleged that within the last year, Defendants' employees in California have been terminated and have not received all wages owed at their termination. There is no civil penalty associated with violation of section 201, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under *Labor Code* section 2699, subd. (f).

46. *Labor Code* section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours' notice, in which case wages are owed at the employee's resignation. It is alleged that within the last year, Defendants' employees in California have resigned and have not received all overtime premium pay owed in a timely fashion after their resignation. There is no civil penalty associated with violation of section 202, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under *Labor Code* section 2699, subd. (f).

47. *Labor Code* section 204 makes wages due no less frequently than twice a month for non-exempt employees for work performed each pay period. Defendants have violated section 204 with respect to Plaintiff and his similarly-situated coworkers by not paying them all wages due for work performed each pay period. Plaintiff seeks civil penalties on behalf of himself and all other similarly situated under *Labor Code* section 210.

48. *Labor Code* section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the *Labor Code*. To the extent that Defendants have failed to pay all wages owed to Plaintiffs, and required Plaintiffs acquiescence to these employment practices, Defendants have violated section 219. There is no civil penalty associated with violation of section 219, but Plaintiff seeks civil penalties on behalf of himself and all others similarly situated under *Labor Code* section 2699, subd. (f).

49. *Labor Code* section 226, subdivision (a), requires a California employer to include very specific information on an employee's paycheck stub. The required information includes the total number of overtime hours worked and the correct rates of pay. *Cal. Lab. Code* § 226(a). Subdivision (e) sets forth statutory penalties for the violation of section 226(a). Plaintiff seeks to recover said penalties on behalf of himself and all others similarly situated.

50. *Labor Code* section 226.3 sets forth civil penalties for violation of section 226, subdivision (a). Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of section 226, subdivision (a).

51. *Labor Code* section 226.7 provides that an employer must compensate a non-exempt employee with one hour of pay for each required meal period that it does not provide.

**SECOND AMENDED COMPLAINT**

- 34 -

Defendants violated this statute by not paying this meal period premium pay to Plaintiff and his co-workers when they were not provided with 30-minute, off-duty meal periods.

52. *Labor Code* section 512 provides that an employer shall provide its non-exempt employees with one off-duty meal period for each five-hour work period. Furthermore no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Defendants violated *Labor Code* section 512 by not providing off-duty meal periods to its non-exempt employees for every five-hour work period.

53. Labor Code section 558 provides for civil penalties against an employer who violates sections 510 and 512. Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violation of sections 510 and 512.

54. Labor Code section 1197 requires that employers may not pay less than the mandated minimum wage. On information and belief, Defendants may have violated section 1197 by not paying Plaintiff and his similarly situated coworkers at least the minimum wage for all hours worked. The civil penalty for violations of section 1197 is enumerated in Labor Code section 1197.1. Plaintiff seeks said penalties against Defendants on behalf of himself and all other similarly situated employees for violations of section 1197.

55. Plaintiff also seeks any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint, along with any penalties that are available and ascertained through the discovery process.

56. Plaintiff has fully complied with the statutory requirements of *Labor Code* section 2699.3. Plaintiff gave notice by a letter dated December 9, 2015 and delivered by certified mail to the California Labor and Workforce Development Agency, and the employer, of the specific provisions of the *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations. As of the date of this pleading, the Labor and Workforce Development Agency has <u>not</u> indicated its intent to pursue an investigation or action for penalties against Defendants.

57. Defendants' failure to pay wages due and owing to Plaintiff and those similarly situated, as indicated in prior paragraphs, was willful. Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiff and his similarly situated employees. Further, Defendants have not taken any actions to "cure" the *Labor Code* violations pursuant to *California Labor Code* section 2699 *et seq*.

58. By failing to pay Plaintiff and the current and past aggrieved employees, Defendants have violated numerous *California Labor Code* provisions, all as set forth hereinabove. Civil penalties are therefore appropriate.

59. WHEREFORE, Plaintiffs demands judgment against Defendants, and each of them, as follows:

1. For civil penalties for each aggrieved employee, for each violation alleged aforesaid, to be distributed in accordance with *Labor Code* section 2699;
2. For attorneys' fees and costs pursuant to *Labor Code* section 2699(g);
3. For any other and further relief that the Court considers just and proper.

Dated: June 3, 2016          STRAUSS & STRAUSS, APC

By: _____
Brian D. Hefelfinger, Esq.
Attorneys for Plaintiff FRITSCH and the Putative Class

---

SECOND AMENDED COMPLAINT

- 36 -

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is STRAUSS & STRAUSS, APC, 121 N. Fir Street, Suite F, Ventura, California 93001. On June 3, 2016, I served the within documents:

### *SECOND AMENDED* COMPLAINT

____ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

__X__ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Ventura, California addressed as set forth below.

____ by electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with the Code of Civil Procedure §1010.6.

### SEE ATTACHED MAILING LIST

____ by placing the document(s) listed above in a sealed envelope and depositing for pick-up in a designated FedEx box via **FedEx Overnight** delivery at Ventura, California addressed as set forth below.

____ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 3, 2016, at Ventura, California.

*Jacqueline Villarreal*
JACQUELINE VILLARREAL

1 | Re: *Fritsch v. Swift Transportation Company of Arizona, LLC, et al.*
  | San Bernardino Superior Court
2 | Case No.: CIVDS1518012

## MAILING LIST

CALL & JENSEN
A Professional Corporation
John T. Egley, Esq.
Jacqueline Beaumont, Esq.
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
E-mail: jegley@calljensen.com
jbeaumont@calljensen.com

*Attorneys for Defendants, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and SWIFT TRANSPORTATION, INC., and for SWIFT TRANSPORTATION CO. OF ARIZONA, LLC*

SECOND AMENDED COMPLAINT
- 38 -